**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Bruce Cassidy, Jr., <br><br>                                 Plaintiff, <br><br>      v. <br><br> The Cliffs at High Carolina, LLC, <br> The Cliffs Communities, Inc., <br> James B. Anthony, and <br> John Does 1 through 100, <br><br>                                Defendants. | Civil Action No. _____ |

## VERIFIED COMPLAINT

Plaintiff Bruce Cassidy, Jr., by and through his undersigned counsel, states this Verified Complaint against Defendants The Cliffs at High Carolina, LLC, The Cliffs Communities, Inc., James B. Anthony, and John Does 1 through 100, as follows.

### NATURE OF THE ACTION

1.      This is an action by Plaintiff Bruce Cassidy, Jr., against Defendants The Cliffs at High Carolina, LLC, The Cliffs Communities, Inc., James B. Anthony, and John Does 1 through 100 for breach of contract, breach of fiduciary duty, and fraudulent transfers and seeking specific performance damages – including on the basis of alter ego, enterprise, and corporate veil piercing liability – for injuries suffered as a direct and proximate result of the Defendants' breaches and unlawful actions.  Plaintiff Cassidy further requests the appointment of a receiver and/or the entry of a temporary restraining order ("TRO") and preliminary injunction.

{01376362}

## PARTIES AND NON-PARTIES

2. Plaintiff Bruce Cassidy, Jr., is an individual and a resident of the State of Florida.

3. On information and belief, Defendant The Cliffs at High Carolina, LLC ("High Carolina"), is a limited liability corporation organized and existing under the laws of the State of South Carolina with its principal place of business located at 3598 Highway 11, Travelers Rest, SC 29690.

4. On information and belief, Defendant The Cliffs Communities, Inc. ("Cliffs Communities"), is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located at 3598 Highway 11, Travelers Rest, SC 29690.

5. On information and belief, Defendant James B. Anthony is an individual and resident of the State of South Carolina with a principal place of business located at 3598 Highway 11, Travelers Rest, SC 29690.

6. Various entities, including certain entities sued herein as John Doe Defendants, are controlled by Defendants Cliffs Communities and/or James B. Anthony (the "Anthony-Controlled Entities").

7. As reflected in the docket of proceedings, various Anthony-Controlled Entities that are not parties hereto but who are owned directly or indirectly by Defendant Cliffs Communities, have filed for federal bankruptcy protection in the proceedings captioned *In re: The Cliffs Club & Hospitality Group, Inc, et al., d/b/a The Cliffs Golf & Country Club* (the "Debtors"), a jointly administered bankruptcy case pending at Case No. 12-01220 in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Proceedings"). A true and correct copy of the Debtor's Disclosure Statement (without exhibits) is attached hereto

as Exhibit A. A true and correct copy of the Proposed Plan of Reorganization, together with the proposed Asset Purchase Agreement, is attached hereto as Exhibit B (without exhibits).

8. On information and belief, the unlawful actions alleged herein were undertaken directly by Defendants High Carolina, Cliffs Communities, and/or James Anthony and/or directly by, together with, vicariously by, or in concert with and with substantial assistance or encouragement from additional non-debtor John Doe entities or individuals that are also sued as Defendants herein, including without limitation one or more non-debtor Anthony-Controlled Entities.

9. The debtors in the Bankruptcy Proceedings are not named as parties hereto and do not include Defendants High Carolina, Cliffs Communities, James Anthony, or the non-debtor Anthony-Controlled Entities that are sued as John Doe Defendants herein.

## JURISDICTION AND VENUE

10. This is an action between citizens of different States of the United States of America and the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000. This Court, therefore, has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

11. This Court has personal jurisdiction over the Defendants, pursuant to the principles of due process and the long-arm principles of South Carolina law, due to the Defendants' domicile, place of business, and transaction of business within South Carolina both specifically in relation to the facts giving rise to this lawsuit and in the general course of their personal affairs and business operations.

12. A substantial part of the events giving rise to Plaintiff Cassidy's claims occurred within the judicial district of the United States District Court for the District of South Carolina. Accordingly, venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(2).

## FACTUAL BACKGROUND

13. Pursuant to an April 14, 2008 Founder's Program Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit C, Plaintiff Cassidy invested in The Cliffs at High Carolina, LLC, Founder's Program at High Carolina (the "Program").

14. In connection with the Agreement, and as described more fully therein, Plaintiff Cassidy made a payment to High Carolina of $2,000,000 (the "Initial Deposit") to invest in the Program and for High Carolina's corporate purposes in the development of its facilities, amenities, and golf course.

15. In response to the terms and representations made in the Agreement and otherwise, Plaintiff Cassidy made the investment specifically in the Program and expected the investment to be used in the best interests of High Carolina, for the development described in the Agreement, and for delivery of the benefits of the Program (the "Program Benefits") to Plaintiff Cassidy and others.

16. Included among the Program Benefits, *inter alia*, are (a) a Homesite Credit and Preferred Purchase Opportunity related to Plaintiff Cassidy's option to purchase real property and (b) a Lifetime Honorary Full Golf Club Membership and other Club Offerings from the anticipated development.

17. The Agreement was executed on behalf of Defendant High Carolina by Scott D. Beville, the Executive Vice President of Defendant Cliffs Communities and President of Cliffs Real Estate, Inc.

4

{01376362}

18. On information and belief, High Carolina is a limited liability company whose sole managing member is Defendant Cliffs Communities, in which Defendant James B. Anthony is a majority and controlling shareholder.

19. As a result of these relationships, Defendant Cliffs Communities was at all times subject to a fiduciary duty and responsible for the proper operation of Defendant High Carolina in accord with its contractual obligations and duties to investors, creditors, and others.

20. As a result of these relationships, Defendant Anthony was at all times subject to a fiduciary duty and responsible for the proper operation of Defendant Cliffs Communities in accord with its contractual obligations and duties to investors, creditors, and others.

21. In exchange for the "Initial Deposit" referenced in the Agreement, participants in the Program were to receive specified "Program Benefits" and other consideration under the Agreement.

22. Plaintiff Cassidy has learned that Defendant High Carolina and the remaining Defendants have failed to adhere to the terms of the Agreement and failed to manage High Carolina in the best interests of the investors and creditors therein.

23. In short, Defendant High Carolina has failed to comply with its duties under the Agreement and Program, and the Defendants have generally failed to adhere to their duties to pursue and manage the Program and perform the Agreement in the best interests of High Carolina and the investors and creditors therein.

24. On information and belief, the Defendants have directed significant funds or other assets invested in and belonging to High Carolina away from High Carolina and to other non-debtor Anthony-Controlled Entities that are controlled by Defendants Cliffs Communities and James B. Anthony.

{01376362}

25. Moreover, the Defendants have failed to advance the development described in the Agreement in any meaningful way and have offered Plaintiff Cassidy no reasonable assurances that the development described in the Agreement will ever be completed or that he will ever receive any of the Program Benefits promised in the Agreement.

26. To date none of the Program Benefits have been delivered to Plaintiff Cassidy; and, as a result of the circumstances alleged herein below, it is clear that, absent the claims in this action, the Defendants will remain in breach and will further breach the Agreement and their other duties to Plaintiff.

27. As a result of these circumstances, Counsel for Plaintiff Cassidy wrote to Defendant James B. Anthony, including as agent and representative of Defendant High Carolina, to demand a refund of Plaintiff Cassidy's $2,000,000 Initial Deposit, including pursuant to the terms of the Agreement.

28. Plaintiff Cassidy provided through and including July 24, 2012 for the Defendants' delivery of the requested refund, but he has received no refund of the Initial Deposit – in breach of the terms of the Agreement and the Defendants' obligations to Plaintiff Cassidy.

29. The above-referenced acts and failures represent substantial defaults that constitute breaches or anticipated breaches of the Agreement warranting the immediate refund and return of Plaintiff Cassidy's investment by High Carolina.

30. On information and belief, Defendant High Carolina has been undercapitalized and, as a result of the mismanagement and asset transfers alleged herein, has become insolvent and unable to pay its obligations as they come due.

31. As a result of this insolvency, on information and belief, the fiduciary obligations of Defendant Cliffs Communities, Defendant Anthony, and any other non-debtor managers,

6

{01376362}

members, majority shareholders, officers, directors, affiliates, or others (each of whom is sued as a John Doe Defendant herein) shifted from High Carolina or its owners to Plaintiff Cassidy and other investors and creditors of Defendant High Carolina.

32. As alleged above, as reflected in the docket of proceedings, various non-party Anthony-Controlled Entities owned directly or indirectly by Defendant Cliffs Communities have filed for federal bankruptcy protection in the Bankruptcy Proceedings.

33. A plan of reorganization has been proposed in the Bankruptcy Proceedings pursuant to which Defendant Cliffs Communities, Defendant Anthony, various debtor and non-debtor Anthony-Controlled Entities, and/or others intend to contribute real estate and other assets (the "Proposed Contribution Assets") into the bankruptcy estate for distribution pursuant to the proposed plan of reorganization (the "Proposed Plan of Reorganization").

34. On information and belief, the Proposed Contribution Assets include assets or proceeds of Defendant High Carolina, improperly distributed out of Defendant High Carolina, properly belonging thereto, and/or resulting from Plaintiff Cassidy's investment in Defendant High Carolina and the investments of other investors in the Program and creditors of Defendant High Carolina. Specifically, Section 11.3 of the asset purchase agreement included in the Proposed Plan of Reorganization includes the transfer of "Related Real Property" from the "Affiliated Owners" as a condition precedent to the consummation of the transaction contemplated under the Debtor's Proposed Plan of Reorganization (subject to waiver). The definition of "Related Real Property" includes real property and improvements described in Schedule 15.1 of the asset purchase agreement. The definition of "Affiliated Owners" includes debtor affiliates that own real property at the High Carolina development identified under the Agreement (the specific entities are still to be defined).

7

{01376362}

35. On information and belief, such improperly distributed assets would represent the sole remaining or primary source from which Defendant High Carolina could provide specific performance of the Agreement to Plaintiff Cassidy, return to Plaintiff Cassidy the investment in the Program, or otherwise provide compensation for High Carolina's defaults under the Agreement. The Debtor's Disclosure Statement and Proposed Plan of Reorganization identify that the Debtors are owned directly, or indirectly by The Cliffs Communities, Inc., and that The Cliffs Communities, Inc. had other "subsidiaries or affiliates" dedicated to the development and sale of residential real estate surrounding its various clubs, including the High Carolina development identified under the Agreement. (Ex. A, Disclosure Statement at Section IV (A), pg. 21). The Disclosure Statement further identified that the Debtors did not own any of the residential lots surrounding its country clubs (including the High Carolina development identified in the Agreement). Finally, the Disclosure Statement identifies that the Debtors comingled business functions and commingled cash generated from operations, as well as had extensive intercompany payables with its non-debtor affiliates that are indirectly owned by The Cliffs Communities, Inc. (Ex. A, Disclosure Statement at Section VII (C), pg. 42; Section VII (D), pg. 43).

36. Objections to the Proposed Plan of Reorganization are due to be filed in the Bankruptcy Proceedings on or before August 1, 2012, and the bankruptcy court has scheduled a hearing on those objections and for consideration and possible approval of the Proposed Plan of Reorganization for August 6, 2012.

37. On information and belief, if the Proposed Contribution Assets are contributed to the estate in the Bankruptcy Proceedings pursuant to the Proposed Plan of Reorganization, the Defendants and other non-debtor Anthony-Controlled Entities and/or John Doe Defendants will

be left with little or no remaining assets from which to specifically perform their obligations to Plaintiff Cassidy or, alternatively, pay any amounts owed to Plaintiff Cassidy as a result of the investment in the Program, the breach of the Agreement by High Carolina, or other breaches of duty resulting from the mismanagement of High Carolina and unlawful conduct of the Defendants.

38. Moreover, "The Cliffs at High Carolina, LLC," "The Cliffs Communities, Inc.," and other similar entity designations are, or were, on information and belief, a euphemism used to signify a group of affiliated corporations and business ventures in which Defendant James B. Anthony has or had an interest and which operated as a single business enterprise.

39. On information and belief, the foregoing affiliated business ventures, including the Anthony-Controlled Entities and various John Doe Defendants, have been operated as alter egos of Defendant Anthony and of each other.

40. On information and belief, funds and assets of the foregoing ventures and affiliates have been commingled, have been used to satisfy obligations of other entities, and/or have been diverted to parent corporations, other affiliates, or the personal use of Defendant Anthony individually.

41. On information and belief, there has been a failure to maintain corporate formalities with regard to the foregoing business ventures, which are or purportedly are corporations or other legal entities.

42. On information and belief, the foregoing business ventures, which are corporations or other legal entities, have been supervised and managed by the same individuals.

9

{01376362}

43. On information and belief, there has been a failure to separate and segregate the assets of the foregoing business ventures, which are purportedly corporations or other legal entities.

44. On information and belief, Defendant Anthony has used the foregoing corporations or other legal entities as alter egos and as mere shells or conduits to operate what is essentially a single personal business.

45. On information and belief, all or the majority of the stock, membership, or other interests of the foregoing business ventures, which are corporations or other legal entities, are owned directly or ultimately by Defendant Anthony.

46. On information and belief, the foregoing business ventures have been operated with disregard for legal formalities, and Defendants have failed to maintain proper arms-length relationships among the various affiliated and related entities.

47. On information and belief, the foregoing business ventures have operated as a single entity and/or enterprise.

48. As a result of the foregoing, Defendants Anthony, Cliffs Communities, and each of the affiliated business ventures, each of which is a John Doe Defendant if not a debtor in the Bankruptcy Proceedings, is liable pursuant to the doctrines of fiduciary duty, alter ego liability, enterprise liability, and/or piercing the corporate veil for all of the liabilities asserted herein.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT AND
### THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
(Against Defendants The Cliffs at High Carolina, LLC,
The Cliffs Communities, Inc., James B. Anthony, and John Does 1 through 100)

49. Plaintiff Cassidy incorporates by reference, as if fully stated here, the allegations of all preceding and subsequent paragraphs of this Complaint.

50. The April 14, 2008 Founder's Program Agreement created valid and binding obligations owed to Plaintiff Cassidy pursuant to the terms and meaning thereof, including a duty to deliver the Program Benefits as described in the Agreement and to refund Plaintiff Cassidy's Initial Deposit if requested.

51. Plaintiff Cassidy – by, *inter alia,* delivering the Initial Deposit – has performed all of his obligations under the Agreement, and no acts of performance or conditions precedent remain to be satisfied.

52. Defendant High Carolina and, by reason of their fiduciary, alter ego, enterprise, and/or veil piercing liability, Defendants Cliffs Communities, James Anthony, and John Does 1 through 100 have breached the Agreement by nonperformance of the Program and failure to refund Plaintiff Cassidy's Initial Deposit.

53. Defendant High Carolina and, by reason of their fiduciary, alter ego, enterprise, and/or veil piercing liability, Defendants Cliffs Communities, James Anthony, and John Does 1 through 100 have breached their implied duty of good faith and fair dealing by nonperformance of the Program and failure to refund Plaintiff Cassidy's Initial Deposit.

54. As a direct and proximate result of the Defendants' breaches alleged herein, Plaintiff Cassidy has suffered damages equal to the $2,000,000 Initial Deposit and other losses of value resulting from the nonperformance of the Program, the lack of a refund of Plaintiff Cassidy's Initial Deposit, and other unlawful acts of the Defendants.

55. Moreover, as a direct and proximate result of the Defendants' breaches alleged herein, Plaintiff Cassidy has not received and hereby demands specific performance of the

{01376362}

Agreement and delivery of the Program Benefits, including without limitation all benefits due in connection with (a) the Homesite Credit and Preferred Purchase Opportunity providing the option to purchase real property and (b) a Lifetime Honorary Full Golf Club Membership and other Club Offerings promised in connection with the anticipated development.

WHEREFORE, Plaintiff Cassidy respectfully requests the entry of a judgment in his favor and against Defendants for specific performance of the Agreement and/or damages resulting from the breach of the Agreement and the implied duty of good faith and fair dealing.

## COUNT II
## BREACH OF FIDUCIARY DUTY
(**Against Defendants The Cliffs Communities, Inc., James B. Anthony, and John Does 1 through 100**)

56.     Plaintiff Cassidy incorporates by reference, as if fully stated here, the allegations of all preceding and subsequent paragraphs of this Complaint.

57.     Defendants Cliffs Communities, James Anthony, and John Does 1 through 100 owe a fiduciary duty to Plaintiff Cassidy either directly as an investor in High Carolina, as a creditor of High Carolina at a time when it was insolvent, or as a result of the investment in the common enterprise of the Anthony-Controlled Entities, who share all fiduciary obligations as a result of their common alter ego, enterprise, and/or veil piercing liability.

58.     As a result of these fiduciary duties, Defendants Cliffs Communities, James Anthony, and John Does 1 through 100 had valid and binding obligations owed to Plaintiff Cassidy to conduct the affairs of Defendant High Carolina, the Program, and the common enterprise in Plaintiff Cassidy's best interests as an investor therein or creditor thereof.

59.     Defendants Cliffs Communities, James Anthony, and John Does 1 through 100 have breached their fiduciary duties to Plaintiff Cassidy by nonperformance of the Program, failure to refund Plaintiff Cassidy's Initial Deposit, participation in the Proposed Plan of

12

{01376362}

Reorganization, and other conduct that would further invade and dilute the assets with which High Carolina or others could fulfill their obligations to Plaintiff Cassidy.

60. As a direct and proximate result of the Defendants' breaches alleged herein, Plaintiff Cassidy has suffered damages equal to the $2,000,000 Initial Deposit and other losses of value resulting from the nonperformance of the Program, the lack of a refund of Plaintiff Cassidy's Initial Deposit, and other unlawful acts of the Defendants.

61. To the extent that any claim alleged herein would otherwise require investors to make demand for suit upon the managers, officers, or directors of Defendants High Carolina, Cliffs Communities, or any other entity John Doe Defendants, such demand would be futile and any such requirement is inapplicable due to the lack of corporate formalities and nature of the relationships among the Defendants as alleged herein.

WHEREFORE, Plaintiff Cassidy respectfully requests the entry of a judgment in his favor and against Defendants for damages resulting from the Defendants' breaches of fiduciary duty.

## COUNT III
## FRAUDULENT TRANSFERS
### (Against Defendants The Cliffs Communities, Inc., James B. Anthony, and John Does 1 through 100)

62. Plaintiff Cassidy incorporates by reference, as if fully stated here, the allegations of all preceding and subsequent paragraphs of this Complaint.

63. On information and belief, Defendant High Carolina, at the direction or acquiescence of Defendants Cliffs Communities, James Anthony, and/or one or more John Doe Defendants, transferred real property, funds, or other assets to or for the benefit of other non-debtor Anthony-Controlled Entities that are sued in their names or as John Doe Defendants herein.

13

{01376362}

64. On information and belief, the transfers alleged herein were made at a time when Plaintiff Cassidy, and certain other individuals and companies, were investors in and/or creditors of Defendant High Carolina.

65. On information and belief, neither Defendant High Carolina nor Plaintiff Cassidy or other investors in and/or creditors of Defendant High Carolina received any value for the transfers alleged herein.

66. Further, on information and belief, such transfers were made at a time when Defendant High Carolina may have been insolvent or was rendered insolvent as a result of such transfers.

67. The transfers alleged herein were fraudulent as to Plaintiff Cassidy and Defendant High Carolina's other investors and creditors.

WHEREFORE, Plaintiff Cassidy respectfully requests the entry of a judgment in his favor and against Defendants for the return of the transferred property or, in the alternative, damages for the fraudulent transfers alleged herein.

## COUNT IV
## CLAIM FOR APPOINTMENT OF A RECEIVER AND/OR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
(Against Defendants The Cliffs at High Carolina, LLC, The Cliffs Communities, Inc., James B. Anthony, and John Does 1 through 100)

68. Plaintiff Cassidy incorporates by reference, as if fully stated here, the allegations of all preceding and subsequent paragraphs of this Complaint.

69. Plaintiff Cassidy hereby requests and will further move the Court for the appointment of a receiver to oversee the finances of the Defendants and/or the entry of a temporary restraining order ("TRO") and a preliminary injunction as required to preserve Plaintiff Cassidy's ability to recover specific performance or damages on his claims.

{01376362}

70.   As alleged herein, Plaintiff Cassidy is threatened with an immediate loss of his ability to recover his Initial Deposit and inability to enforce his rights under the Agreement and the applicable principals of fiduciary duty and fraudulent conveyance.

71.   Plaintiff Cassidy's claims as alleged herein involve the non-debtor Defendants' fundamental dissipation of the real property and/or other assets of Defendant High Carolina, and the Defendants currently threaten to continue that process in connection with the Bankruptcy Proceedings.

72.   The Defendants presently threaten to place any and all assets from which Plaintiff Cassidy could receive specific performance of the Agreement or recover the damages that he has suffered – including any and all real property assets held by non-debtor Anthony-Controlled Entities – into the estate in the Bankruptcy Proceedings to be distributed pursuant to the Proposed Plan of Reorganization's treatment of Proposed Contribution Assets.

73.   As a result, a TRO and/or preliminary injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by an award of damages at trial, in that the non-debtor Defendants and Anthony-Controlled Entities propose to contribute the Proposed Contribution Assets regardless of their continuing and existing obligations to third parties such as Plaintiff Cassidy or their ability to satisfy those obligations in the future from other assets.

74.   As a result of the threatened transfer of all or substantially all of the available assets of the non-debtor Defendants and Anthony-Controlled Entities into the estate as Proposed Contribution Assets, greater injury will result to Plaintiff Cassidy and other investors and creditors of these non-debtors from refusing a TRO and/or injunction than would result from granting the requested relief.

75.     Moreover, Plaintiff Cassidy's right to relief is clear, and the wrong is manifest; Plaintiff Cassidy is likely to prevail on the merits of his claims for breach of contract, breach of fiduciary duty, and fraudulent transfers.

76.     The TRO and/or preliminary injunction will maintain and restore the parties to their status quo positions as they presently exist, are reasonably suited to abate the offending activity, and will not adversely affect the public interest.

77.     Finally, either together with the entry of a TRO and/or preliminary injunction or alternatively and independently, Plaintiff Cassidy requests and will further rmove the Court to appoint a receiver to oversee the finances of the Defendants as appropriate and required to preserve Plaintiff Cassidy's ability to recover specific performance or damages on his claims.

WHEREFORE, Plaintiff Cassidy respectfully requests the Court's entry of a TRO and preliminary injunction and/or appointment of a receiver.

## JURY DEMAND

Plaintiff Cassidy hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  July 25, 2012

/S/ Beattie B. Ashmore
Beattie B. Ashmore, #5215
Beattie B. Ashmore, P.A.
650 E. Washington Street
Greenville, S.C. 29601
(864) 467-1001
Beattie@BeattieAshmore.com


*Of Counsel:*

J. Alexander Hershey
(*Pro Hac Vice* Motion to be Submitted)

Patrick W. Carothers
(*Pro Hac Vice* Motion to be Submitted)
Thorp, Reed & Armstrong, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219-1425
412-394-7711
412-394-2555
ahershey@thorpreed.com
pcarothers@thorpreed.com

*Counsel for Plaintiff*

{01376362}